IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSEPH D. PEYTON PLAINTIFF

VS. CIVIL ACTION NO. 5:21-cv-16-DCB-FKB

WARDEN SCOTT MIDDLEBROOKS,
GEORGE CASTRO; ERICKA PERKINS,
DORTHY TURNER; KENNY KING, CRAIG COIL, and
MANAGEMENT AND TRAINING CORPORATION DEFENDANTS

**REPORT AND RECOMMENDATION**

This case is before the Court on the Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [36] filed by Defendants George Castro, Kenny King, and Erika Perkins. Plaintiff filed a response [43] in opposition and supporting declaration [44]; Defendants filed a rebuttal [47]; and Plaintiff filed another Response [56]. Having considered the matter, the undersigned recommends that Defendants' motion [36] be denied.

## I. Factual Background

Plaintiff Joseph Peyton is a convicted and sentenced inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He is proceeding *pro se*, subject to the Prison Litigation Reform Act ("PLRA"), and has brought this suit pursuant to 42 U.S.C. § 1983. Plaintiff claims Defendants violated his Eighth Amendment rights against cruel and unusual punishment by failing to protect him from an assault that occurred on May 22, 2020, when he was stabbed by inmate James Wess at the Wilkinson County Correctional Facility ("WCCF").

Plaintiff claims that on May 14, 2020, Wess pulled a "prison-made knife" on him and that he told a number of WCCF officers about the incident prior to the stabbing on May 22, including Castro and King. [1] at 9, 11, 12, 15, 16. Although Plaintiff has admitted that he did not discuss the May 14 incident with Defendant Perkins, Plaintiff alleges that Perkins knew inmates on his

residential zone were using parts of cell doors and beds to make weapons, but she "turned a blind eye to these unsafe conditions." *See* [66] at 8-10; [44] at 1. In support of this claim against Perkins, Plaintiff provides the Court with a memo authored by Perkins, dated April 15, 2019, addressing manipulating beds and doors to make weapons. [44-3] at 23; *see also* [66] at 8-10.

Plaintiff submitted a grievance about the May 22 incident to the Administrative Remedy Program ("ARP") at WCCF, which was numbered WCCF-20-826. [1] at 21-25, 29; [36-1]. Defendants Castro, King, and Perkins argue that since Plaintiff did not name them in WCCF-20-826, his claims against them should be dismissed for failure to exhaust administrative remedies prior to suit.

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999) (quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "a resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

## III. Analysis

Under the PLRA, Plaintiff's claims must be dismissed if he has failed to exhaust available administrative remedies prior to filing suit.

> Exhaustion of administrative remedies through the prison grievance system is a jurisdictional prerequisite for lawsuits filed pursuant to 42 U.S.C. § 1983. *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001).
>
>> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> 42 U.S.C. § 1997e(a). *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (holding "proper exhaustion of administrative remedies is necessary"). The Fifth Circuit takes "a strict approach" to the exhaustion requirement. *See Johnson v. Ford*, 261 Fed. App'x. 752, 755 (5th Cir. 2008).

*Dahl v. Fisher*, Civil Action No. 1:16CV82-RHW, 2016 WL 7335645, at *2 (S.D. Miss. Dec. 16, 2016) (emphasis added).

In *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004), the Fifth Circuit acknowledged that "Section 1997e(a) [of the PLRA] does not say how specific a prisoner's administrative grievances must be." The Court went on to state that

> As a general matter, courts typically use a standard according to which a grievance should give prison officials "fair notice" of the problem that will form the basis of the prisoner's suit. . . .
>
> *     *     *
>
> Further, as a practical matter, the amount of information necessary will likely depend to some degree on the type of problem about which the inmate is complaining.

*Johnson*, 385 F.3d at 516-17. *See also Jones v. Bock*, 549 U.S. 199, 219, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007) (quoting *Johnson* for the proposition that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation"); *Cannady v. Woodall*, Civil Action No. 1:20-cv-130-HSO-RPM, 2022 WL 2345760,

at *6 (S.D. Miss. June 29, 2022); *Patterson v. Doe*, Civil Action No. 3:19-cv-616-HTW-LRA, 2020 WL 8766066, at *3 (S.D. Miss. Dec. 8, 2020), report and recommendation adopted, Civil Action No. 3:19-CV-616-HTW-LGI, 2021 WL 833951 (S.D. Miss. Mar. 4, 2021); *Sonnier v. Hogans*, Civil Action No. 3:15-cv-370-LRA, 2017 WL 1166557, at *4 (S.D. Miss. Mar. 28, 2017).

Having reviewed Plaintiff's initial grievance in WCCF-20-826, the Court observes that Plaintiff named three defendants whom he advised of the May 14 incident before the May 22 stabbing. [36-1] at 3. While Plaintiff did not explicitly name Castro, King, or Perkins in the grievance, he does specifically inquire, "why didn't [any] rankin[g] authority take effort to protect and secure my life safety, health and well being?" *Id.* Under the specific circumstances of this case, the Court finds that WCCF-20-826 "g[a]ve prison officials 'fair notice' of the problem that . . . form[s] the basis of [Plaintiff's] suit" for failure to protect. *See Johnson*, 385 F.3d at 517. Therefore, the Court declines to dismiss Castro, King, or Perkins from Plaintiff's action on the basis of failure to exhaust.[1]

## IV. Conclusion

For the reasons stated above, the undersigned recommends that Defendants' summary judgment motion [36] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[2] with a copy shall bar that party, except upon grounds

[1] Defendants' memorandum [37] in support of their motion for summary judgment mentions that "[a]lthough Plaintiff listed Major Erika Perkins as a Defendant, his Complaint does not contain any factual allegations suggesting she engaged in wrongful conduct that caused him injury." [37] at 2. As this argument was not further addressed in the memorandum, the Court's ruling on the instant motion is limited to Defendants' exhaustion argument.

[2] Pursuant to Fed. R. Civ. P. 5(b)(2)(C), mailing a copy of this order to Plaintiff's last known address is sufficient to serve Plaintiff with this order. The undersigned's staff shall mail this order to Plaintiff at the last known address provided to the Court, as indicated on the Court's docket.

of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED on the 3rd day of August, 2022.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE