```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION


JOSEPH D. PEYTON                                        PLAINTIFF


VS.                           CIVIL ACTION NO. 5:21-cv-16-DCB-FKB


WARDEN SCOTT MIDDLEBROOKS,
GEORGE CASTRO; ERICKA PERKINS,
DORTHY TURNER; KENNY KING, CRAIG COIL, and
MANAGEMENT AND TRAINING CORPORATION                    DEFENDANTS
```

           ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge F. Keith Ball's Report and Recommendation [ECF No. 88] (the "R&R"). The R&R addresses a Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [ECF No. 36], which was filed by defendants Jorge Castro, Kenny King, and Erica Perkins (collectively, the "Moving Defendants"). The Moving Defendants argue that because Plaintiff, a pro se inmate, did not specifically name them in the administrative grievance that he filed under the prison's Administrative Remedy Program ("ARP"), Plaintiff failed to properly exhaust his administrative remedies. The Moving Defendants urge the Court to dismiss all claims against them. The R&R recommends that the Court deny the motion for summary judgment, and the Moving Defendants have not filed objections. The deadline for filing objections to the R&R

1

has passed.  Where no party objects to the magistrate judge's report and recommendation and the report contains a warning (as this one does)[1] about the consequences of failing to object, the Court is not required to perform a *de novo* review of the magistrate judge's determination.  In such cases, the standard of review is whether the report and recommendation is clearly erroneous or contrary to law.  Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017)("…a party is not entitled *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time."); Magdalena Garcia v. Sessions, No. 1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018)("Where no party objects to the Magistrate Judge's Report and Recommendation, the Court … need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law.").

   Having carefully reviewed the R&R, the parties' submissions, and the relevant law, the Court finds no clear error and will adopt the R&R as the findings and conclusions of

---

[1] The Report and Recommendation provided the parties with notice of the right to object and the time deadline for doing so.  It also warned the parties of the consequences that result from a failure to object.  [ECF No. 88] at 4-5; see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2

this Court. The Court recognizes that some opinions from our district have held, based on the particular facts presented, that an inmate failed to exhaust administrative remedies under the ARP when the grievance failed to name individual prison officials. See, e.g., Mhoon v. Centurion of Mississippi, LLC, No. 3:17-CV-505-DPJ-FKB, 2020 WL 1902271, at *4 (S.D. Miss. Jan. 31, 2020), report and recommendation adopted, No. 3:17-CV-505-DPJ-FKB, 2020 WL 903004 (S.D. Miss. Feb. 25, 2020); Hayes v. Dunn, No. 3:14-CV-468-LRA, 2016 WL 884654, at *3 (S.D. Miss. Mar. 7, 2016). However, district courts in Mississippi routinely hold that the prisoner grievance process instituted by the Mississippi Department of Corrections has no specific requirement that the individual prison official be named in the grievance, Hayes, 2016 WL 884654, at *3, and that "the touchstone of the Court's inquiry is whether [the inmate] 'alert[ed] prison officials to a *problem*, not [whether he] provide[d] personal notice to a particular official that he may be sued.'" Cannady v. Woodall, No. 1:20-CV-130-HSO-RPM, 2022 WL 2783848, at *3 (S.D. Miss. Apr. 27, 2022), report and recommendation adopted, No. 1:20-CV-130-HSO-RPM, 2022 WL 2345760 (S.D. Miss. June 29, 2022)(quoting Johnson v. Johnson, 385 F.3d 503, 522 (5th Cir. 2004)(emphasis added)); see also Jones v. Bock, 549 U.S. 199, 219 (2007)("…exhaustion is not *per se* inadequate simply because an individual later sued was not

3

named in the grievances."). When analyzing the sufficiency of a prisoner's grievance for ARP exhaustion purposes, the key question appears to be whether the prisoner's grievance provided "'fair notice' to prison officials about the 'problem that [ ] form[ed] the basis of ... [his] suit.'" Cannady, 2022 WL 2783848, at *2 (quoting Johnson, 385 F.3d at 516). Under the specific circumstances of this case, the Magistrate Judge concluded that Plaintiff provided "fair notice" of the problem at issue to prison officials, and the Court does not find that conclusion clearly erroneous or contrary to law.

Accordingly,

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation [ECF No. 88] is ADOPTED;

IT IS FURTHER ORDERED that the Moving Defendants' Motion for Summary Judgment Based on Plaintiff's Failure to Exhaust Administrative Remedies [ECF No. 36] is DENIED;

SO ORDERED this the 31st day of August 2022.

                                              /s/  David Bramlette
                                      UNITED STATES DISTRICT JUDGE