IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSEPH D. PEYTON                                          PLAINTIFF

VS.                                    CIVIL ACTION NO.  5:21cv16-DCB-FKB

SCOTT MIDDLEBROOKS, et                            DEFENDANTS
al.


**REPORT AND RECOMMENDATION**

Joseph D. Peyton, a state inmate, brought this action pursuant to 42 U.S.C. §

1983 alleging that prison officials at the Wilkinson County Correctional Facility (WCCF)

failed to protect him from an attack by a fellow inmate.  An omnibus hearing has been

held at which Plaintiff testified concerning his claims.  Presently before the Court is

Defendants' motion for summary judgment.  [109].  The undersigned recommends that

the motion be denied as to Defendant Dorothy Turner and granted as to the other

defendants.

Plaintiff's version of the relevant events, as set forth in his sworn statements and

testimony, is as follows:  On May 14, 2020, inmate James Wess pulled a prison-made

knife on Plaintiff in the day area.  [1] at 11.  Plaintiff immediately reported this to an

officer in the tower and to Sergeant Kenny King, the floor officer.  *Id.*  On that same day

told the unit manager, Officer Dorothy Turner, about the incident and asked that he be

separated from Wess.  [109-3] at 10-11.  Also on May 14, he sent letters to Warden

Scott Middlebrooks and Deputy Warden George Castro telling them about Wess's

threat.  [1] at 12; [86-19].  He claims to have sent a second letter to Middlebrooks on

May 18, 2020.  [1] at 12; [86-20].

Plaintiff admitted at the hearing that he never asked that Wess be red-tagged, even though he was familiar with the procedure.  [109-3] at 6 -7.  However, he does claim that he asked to be separated from him.  Plaintiff was never moved out of the zone away from Wess.

On May 22, 2020, Wess attacked Plaintiff in the shower area.  [1] at 8-9.  He first tried to pour hot chemicals on Plaintiff, causing Plaintiff to fall. *Id.* at 8.  Wess then stabbed Plaintiff in the leg and foot with a prison-made knife crafted from a portion of a bed.  *Id.* at 8-9.  Plaintiff was treated at the emergency room with a tetanus shot and antibiotics.  *Id.* at 10; [109-3] at 21-22.  Plaintiff says that he suffered severe pain, bruising, and swelling as a result of the attack.  [1] at 14.

Plaintiff alleges that as a result of the incident of May 14, 2020, the individual defendants knew of the risk of an attack by Wess but nevertheless failed to protect Plaintiff.  The Eighth Amendment imposes upon prison officials a duty to protect inmates from violence at the hands of other inmates.  *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020).  A prisoner establishes a violation of his right to protection by proving that prison officials were deliberately indifferent "to a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 828-29, 834, 844 (1994).  Furthermore, the deliberate indifference standard is a subjective one; that is, a plaintiff must show *both* that the official was aware of facts from which the inference could be drawn that the inmate was at substantial risk of serious harm *and* that the official actually drew the inference. *Id.* at

2

837; *Thompson v. Upshur Cty.*, 245 F.3d 447, 458-59 (5ᵗʰ Cir. 2001).   Mere negligence

in failing to protect a prisoner is not actionable.  *Thompson*, 245 F.3d at 459.

In support of their motion, Defendants have submitted declarations and affidavits.

Both Middlebrooks and Castro state that they never received a letter from Plaintiff

regarding the threat posed by Wess and were otherwise unaware of the prior incident.

[109-4] at 1, [109-4] at 2.  In his declaration, King states that once he was informed

about Wess's actions in the day area, he removed Wess from the area and conducted a

strip search of him.  [109-6].  He found no weapon.  *Id.*

Plaintiff says he told Dorothy Turner about the threat on the same day as it

occurred.  In response, Turner states in her affidavit that Plaintiff never informed her

about the threat and that she was unaware of it. [109-7].  She says that if she had

known, Plaintiff and Wess would have been separated.  *Id.*

Plaintiff's sworn allegations and testimony are insufficient to establish the liability

of either Middlebrooks, Castro, or Perkins.  Taking as true Plaintiff's statement that he

wrote letters to Middlebrooks and Castro, there is nevertheless no evidence that they

actually received the letters or were subjectively aware of a substantial risk of serious

harm to Plaintiff.  As to Perkins, Plaintiff admitted at the hearing that he never told her

about Wess's threat.  [109-3] at 8.  King took reasonable steps once Plaintiff informed

him of Wess's threat, including searching for a weapon without success, and therefore

he  cannot be said to have disregarded an excessive risk of harm to Plaintiff:  There is

no liability where an official responds reasonably to a known risk of harm, "even if the harm [is] ultimately not averted." *Longoria v. Texas*, 473 F.3d 586, 593 (5th Cir. 2006).

Plaintiff's evidence against Turner is his own testimony he told her about Wess's threat with the knife and asked that he and Wess be separated.   Her evidence is her sworn statement that he never told her.  Thus, there is a factual dispute on this issue. Defendants argue that Plaintiff's evidence is not sufficient to raise a genuine factual issue because his statements as to when he talked with Turner are inconsistent.  They argue that when he testified that King was present when he told Turner, Plaintiff was referring to when he first spoke with King immediately after the incident, and that this contradicts his statement in his complaint that he told her several hours after the incident. But Plaintiff's statements are not necessarily inconsistent:  King could have been present at a conversation with Turner later that day.  In any event, what is very clear is that Plaintiff has stated under oath that he informed Turner on May 14 about the incident and asked her to separate him and Wess.  Resolution of whether he did in fact inform her about the incident is an issue that should be left to the finder of fact. Accordingly, the undersigned recommends that the motion be denied as to Plaintiff's claim against Turner.

Plaintiff seeks to hold several defendants liable on a theory of supervisory liability.  He alleges that Management and Training Corporation (MTC), the contractor operating the prison, should be held liable for failure to properly supervise its

4

employees.  [109-3] at 11-12.  He claims that Middlebrooks and Perkins failed to properly train their subordinates.  [1] at 5-6.  But supervisory liability for a constitutional violation necessarily requires a showing that some subordinate individual actually violated Plaintiff's rights.  *See Martinez v. City of North Richland Hills*, 846 F. App'x 238, 244-45 (5th Cir. 2021).   It has already been determined that Plaintiff has made no such showing.  Furthermore, Plaintiff has failed to give any specifics as to what any of these defendants did or did not do in supervising employees that constituted deliberate indifference.

Plaintiff makes a general allegation against MTC that prior to the attack by Wess, prison officials were aware of unsafe conditions, in particular, the practice of making weapons from parts of beds and doors.  As evidence, he has referenced a memorandum from a prison official dated April 15, 2019, in which the official threatens consequences for those making weapons from beds and doors, along with an ARP he submitted in October of 2019 about this issue.  [109-5] at 11, 5.

To assert a claim against MTC, Plaintiff must establish three elements: (1) an official policy, practice, or custom (2) that is linked to the constitutional violation; and (3) that reflects MTC's deliberate indifference to the risk of substantial injury. *See Lawson v. Dallas County*, 286 F.3d 257, 263-64 (5th Cir. 2002).   Mere negligence will not suffice. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001).  Plaintiff has not made the necessary showing in this case.  It is an unfortunate reality of prison life that inmates

5

often make weapons from whatever materials are available.  That MTC officials were aware of the making of weapons does not establish that MTC had a custom of tolerating or allowing the practice that amounted to deliberate indifference.  In short, Plaintiff has established no basis for holding MTC liable for his injuries.

For these reasons, the undersigned recommends that the motion be granted as to all defendants except for Defendant Dorothy Turner.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 7th day of July, 2023.


/s/ F. Keith Ball
United States Magistrate Judge

6