```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       WESTERN DIVISION


JOSEPH D. PEYTON                                       PLAINTIFF


VS.                          CIVIL ACTION NO. 5:21-cv-16-DCB-FKB


WARDEN SCOTT MIDDLEBROOKS, et al.                     DEFENDANTS
```

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge F. Keith Ball's Report and Recommendation [ECF No. 123] (the "R&R"). The R&R addresses a Motion for Summary Judgment [ECF No. 109], which was filed by defendants Jorge Castro, Kenny King, Scott Middlebrooks, Erica Perkins, Dorothy Turner, and Management and Training Corporation (collectively, "Defendants"). The Motion for Summary Judgment seeks dismissal of Joseph D. Peyton ("Plaintiff")'s prisoner civil rights action that was filed pursuant to 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff claims in his complaint that prison officials at Wilkinson County Correctional Facility failed to protect him from a knife attack by a fellow inmate in violation of his constitutional rights. Id. at 8-19. Magistrate Judge Ball conducted an omnibus hearing on October 27, 2021, during which he questioned Plaintiff at length regarding the claimed knife

1

attack on May 22, 2020, the events leading up to and those following the attack, each defendant's alleged role in the incident, Plaintiff's injuries, and other relevant issues.  See Official Transcript of Omnibus Proceedings [ECF No. 66].  In the R&R, Magistrate Judge Ball recommends that the Court grant the Motion for Summary Judgment as to all Defendants, except for the prison unit manager, Officer Dorothy Turner.  [ECF No. 123] at 1, 4 & 6.  No party has filed an objection to the R&R, and the deadline for filing objections has passed.  Where no party objects to the magistrate judge's report and recommendation and the report contains a warning (as this one does)[1] about the consequences of failing to object, the Court is not required to perform a *de novo* review of the magistrate judge's determination.  In such cases, the standard of review is whether the report and recommendation is clearly erroneous or contrary to law.  Quinn v. Guerrero, 863 F.3d 353, 358 (5th Cir. 2017)("… a party is not entitled *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time."); Magdalena Garcia v. Sessions, No.

---

[1] The R&R notified the parties of the opportunity to object and the time deadline for doing so.  The R&R also warned the parties of the consequences that result from a failure to object.  [ECF No. 123] at 6; see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

1:18-CV-59, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) ("Where no party objects to the Magistrate Judge's Report and Recommendation, the Court … need only review it to decide whether the Report and Recommendation is clearly erroneous or contrary to law.").

Having carefully reviewed the R&R, the parties' submissions, the Official Transcript of the Omnibus Proceedings, and the relevant law, the Court finds no clear error and will adopt the R&R as the findings and conclusions of this Court. Based on Plaintiff's sworn allegations and testimony, Magistrate Judge Ball found insufficient evidence to establish the liability of Defendants Middlebrooks, Castro, and Perkins. [ECF No. 123] at 3. The magistrate judge further found that Defendant King took reasonable steps once Plaintiff informed him of the threat, and therefore "cannot be said to have disregarded an excessive risk of harm to Plaintiff." Id. With respect to Defendant Management Training Corporation ("MTC"), the R&R concludes that Plaintiff failed to establish supervisory liability and failed to make the necessary showing of Section 1983 liability as set forth in Lawson v. Dallas County, 286 F.3d 257, 263-64 (5th Cir. 2002).[2]

---

[2] "… [P]rivate prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury." Rosborough v. Mgmt. & Training Corp.,

3

Lastly, the magistrate judge found that a factual dispute exists between Plaintiff's sworn testimony given at the Omnibus hearing, [ECF No. 66] at 10-11, and the sworn affidavit of the remaining Defendant, Officer Dorothy Turner.  [ECF No. 109-7]. In brief, Plaintiff testified under oath before Magistrate Judge Ball that he informed Officer Turner of the threat on his life prior to the May 22nd knife attack, and Officer Turner claimed in a written affidavit that he did not.  Magistrate Judge Ball concluded that resolution of this factual dispute should be left to the finder of fact, and the Court concurs.

---

350 F.3d 459, 461 (5th Cir. 2003); see also Hale v. Arnold, No. 3:19CV813-TSL-RPM, 2022 WL 1195542, at *4 (S.D. Miss. Jan. 12, 2022), report and recommendation adopted, No. 3:19CV813TSL-RPM, 2022 WL 731529 (S.D. Miss. Mar. 9, 2022) ("Even though it is a private prison-management company, MTC is treated as a municipality for purposes of Plaintiff's § 1983 claims."). Therefore, the Fifth Circuit's three-part test set forth in Lawson applies to MTC:

> A municipality is liable under § 1983 only if three requirements are met. First, the municipality must have "an official policy, practice, or custom" which could subject it to § 1983 liability. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-94, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Second, the official policy must be linked to the constitutional violation. Id. Finally, the official policy must reflect the municipality's deliberate indifference to that injury. Hare, 74 F.3d at 649 n. 4, citing Farmer, 511 U.S. at 841, 114 S.Ct. 1970.

Lawson v. Dallas Cnty., 286 F.3d 257, 263 (5th Cir. 2002).

4

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge F. Keith Ball's Report and Recommendation [ECF No. 123] is ADOPTED as the findings and conclusions of this Court; and

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment [ECF No. 109] is **GRANTED** as to Defendants Jorge Castro, Kenny King, Scott Middlebrooks, Erica Perkins, and Management and Training Corporation, but it is **DENIED** as to Defendant Dorothy Turner.

SO ORDERED this the 10th day of August 2023.

                                        /s/ David Bramlette
                                 UNITED STATES DISTRICT JUDGE